IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| ANGELA MILLER, | : | NO.  15-02473 |
| *Defendant*. | : | |

## MEMORANDUM

The Plaintiff, the United States of America, through its special counsel, brought this action to recover on a debt owed by the Defendant, Angela Miller, on outstanding student loans. The Complaint was filed on May 4, 2015.  Pursuant to an Order of the Court, the Defendant was served by posting a copy of the original process on the most public part of the Defendant's last known address, located at 8634 Fayette Street, Philadelphia, PA 19150, and by mailing a copy of the original process to the same address.  (Doc. No. 4).  Service was complete September 4, 2015.  Pursuant to Rule 12(a)(1)(A)(i), the Defendant's answer or responsive pleading was due Friday, September 25, 2015.  Request for Default was made by the Plaintiff on October 1, 2015. Default was entered by the clerk of this Court on October 2, 2015.  To date, the Defendant has not answered or entered an appearance in this action.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 as the United States is the Plaintiff in this action.  The Court has personal jurisdiction over the Defendant because service of process was proper and because Defendant is a resident of the Eastern District of Pennsylvania.  Defendant was properly made a party to this action by effective service of the Complaint and Summons pursuant to Fed. R. Civ. P. 4.

There is a sufficient basis in the pleadings for a judgment to be entered because, in its Complaint, the Plaintiff alleges facts sufficient to establish their claim for Recovery of Defaulted

Students Loans. Because default was entered, the Court accepts as true the well-pleaded factual allegations of Plaintiffs' Complaint and treats those allegations as though they were established by proof.

Given the well-pleaded allegations of the Complaint, there is sufficient basis for Plaintiff's claim to Recover Defaulted Student Loans against the Defendant. Attached to the Complaint as Exhibit A is a Certification of Indebtedness from the U.S. Department of Education, San Francisco, California. This certifies that, on or about September 12, 2003, the Defendant executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. The loan in the amount of $ 2,799.44 was disbursed on October 6, 2003, with interest of 4.25% per annum. The loan was made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq* (34 C.F.R. Part 685).

The Department demanded payment according to the terms of the note, and the Defendant defaulted on the obligation on June 25, 2010. Pursuant to 34 C.F.R. 685.202(b), a total of $ 496.78 in unpaid interest was capitalized and added to the principle balance. The Department has credited a total of $ 1,880.52 in payments from all sources, including Treasury Department offsets, if any, to the balance. As of February 3, 2015, the Defendant owed a total debt of $2,543.38 with interest accruing on the principle at a rate of $ 0.28 per day. Calculated at a rate of 4.25% per annum from February 3, 2015 to the entry of default, the additional interest on the principle comes to $ 66.92. Consequently, the Defendant currently owes a total of $2,610.30.

The Court must consider three factors before entering default judgment: "(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious

defense; and (iii) whether the default was the product of defendant's culpable conduct, have been satisfied here." *See Eastern Electric Corp. of New Jersey v. Shoemaker Construction Co.*., 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (citing *Spurio v. Choice Security Systems, Inc.*, 880 F. Supp. 402 (E.D. Pa. 1995)). In this matter, the Court concludes that the three factors weigh in favor of granting default judgment.

Plaintiff will be prejudiced by needlessly having to continue prosecuting the merits of the case.

Because the Defendant has failed to appear in this matter, she has not asserted any defenses, much less a meritorious defense, that would completely bar Plaintiff's claims. Accordingly, the Court considers that Defendant's lack of meritorious defense weighs in favor of granting default judgment.

Failure to respond to an adversary's claims "qualifies as culpable conduct with respect to the entry of default judgment." *Eastern Electric Corp.*, 657 F. Supp. 2d at 554. The Court concludes that the default in this matter resulted from Defendant's failure to appear and engage in the litigation process, which constitutes culpable conduct

In light of Defendant's default on her outstanding student loans, the Plaintiff is entitled to recover in the amount of $ 2,610.30. An appropriate Order will follow.

                                              BY THE COURT:

                                              S/Gene E.K. Pratter
                                              GENE E.K. PRATTER
                                              United States District Judge